IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Petitioner, | **8:24CV84** |
| vs. | |
| ROBERT JEFFREYS, NDCS Director; | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the Court on initial review of Petitioner Austin Edward Lightfeather's Petition for Writ of Habeas Corpus. Filing No. 1. Petitioner alleges he is being subjected to life-threatening Eighth Amendment violations that can be remediated only by release from prison.[1] This matter will not proceed further until Petitioner cures the deficiencies discussed below.

Petitioner has not signed the petition under penalty of perjury. *See, e.g.*, 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Moreover, a habeas corpus petition must substantially follow either the form appended to the Rules Governing Section 2254 Cases in the United States District Courts, or a form prescribed by a local district court rule. *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Finally, Petitioner has not alleged that he exhausted all available state remedies before filing his Petition in this court.[2]

---

[1] *See Diaz v. Kopp*, No. 22-1678, 2025 WL 2152931, at *5 (2d Cir. July 30, 2025) (holding "where a petitioner alleges unconstitutional conditions that are irremediable but for the release of the petitioner, such conditions of confinement claims are cognizable under habeas")(collecting cases).

[2] Petitioner was previously advised of these requirements in *Lightfeather v. State of Nebraska*, 8:22-CV-00258, Filing No. 10, and *Lightfeather v. Gage County, NE*, 8:22-CV-00358, Filing No. 8.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

IT IS THEREFORE ORDERED that:

1. The pending Petition, Filing No. 1, is deemed insufficient and the Court will not act upon it.

2. By **September 8, 2025**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the Clerk of Court for filing in this case must clearly display the case number (8:24CV84). Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **September 8, 2025**: Check for amended petition.

Dated this 8th day of August, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge